**Razmik MIROYAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70484.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 26, 2008.

■■■■■■■■■■■■■■■■■■

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Garbis N. Etmekjian, Esquire, Law Offices of Garbis N. Etmekjian, Glendale, CA, for Petitioner.

Mary Jane Candaux, Assistant Director, Thomas Fatouros, Esquire, Senior Litigation Counsel, OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Razmik Miroyan, native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006). We deny in part and dismiss in part the petition for review.

■ Substantial evidence supports the IJ's finding that the beatings Miroyan received and the death of his son were not shown to be conducted by the government

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

or persons the government is unable or unwilling to control. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1154 (9th Cir. 2005). He therefore has not established past persecution or a well-founded fear of future persecution. *See id.*

Because Miroyan failed to establish eligibility for asylum, he necessarily failed to meet the more stringent requirements for withholding of removal. *See Zehatye,* 453 F.3d at 1190.

■ We lack jurisdiction to review Miroyan's contention regarding his membership in the social group of individuals who observed irregularities in voting because he failed to make that argument before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**